UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-62103-SINGHAL/DAMIAN

SVETLANA IGNATOVA,

    Petitioner,

v.

UR M. JADDOU, *et al.*,

    Respondents.
_____/

**REPORT AND RECOMMENDATION ON
RESPONDENTS' MOTION TO DISMISS [ECF NO. 11]**

THIS CAUSE is before the Court on the Motion to Dismiss [ECF No. 11] ("Motion") filed January 27, 2023, by Respondents, Alejandro Mayorkas, Secretary, Department of Homeland Security, Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services ("USCIS"), Andrew Davidson, USCIS, and Varsenik Papazian, Director of Miami Asylum Office (collectively, "Respondents"). The Motion was referred to the undersigned by the Honorable Raag Singhal, United States District Judge, for a Report and Recommendation. [ECF No. 14]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has considered the Motion [ECF No. 11], the Response and Reply thereto [ECF Nos. 12, 13], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. Respondents request the Court dismiss this action on grounds of lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, the undersigned recommends that the Motion be granted and that Ms. Ignatova's claims pursuant to the Administrative Procedures Act be dismissed without prejudice and that the claims pursuant to the Mandamus Act and the Due Process and Equal Protection Clauses of the Constitution be dismissed with prejudice.

## I. BACKGROUND

### A. *Statutory Background*

The Immigration and Naturalization Act ("INA") permits any alien "who is physically present in the United States or who arrives in the United States . . . irrespective of such alien's status," to apply for asylum in this country, subject to certain exceptions not applicable here. 8 U.S.C. § 1158(a)(1), (2). The INA sets forth procedures for the consideration of asylum applications by the Secretary of Homeland Security or the Attorney General. *Id.* § 1158(b)(1)(A). Relevant here, the INA specifies that "in the absence of exceptional circumstances," an initial interview or hearing on the asylum application "shall commence not later than 45 days after the date an application is filed" and "final administrative adjudication of the asylum application . . . shall be completed within 180 days after the date an application is filed." *Id.* § 1158(d)(5)(A)(ii), (iii). However, Section 1158(d)(7) — entitled "No private right of action" — expressly provides that "[n]othing in [Section 1158(d)] shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

### B. *Factual And Procedural Background*

Petitioner, Svetlana Ignatova ("Petitioner" or "Ms. Ignatova"), a citizen of the Russian Federation who currently resides in Hollywood, Florida, submitted an I-589 Application for Asylum and Withholding of Removal ("Asylum Application") to USCIS on December 2, 2019. [ECF No. 1 ("Petition") at ¶ 12].[1] On December 30, 2019, Ms. Ignatova received an Acknowledgement Notice from the Miami Asylum Office confirming receipt of

---

[1] The paragraphs in the Petition are misnumbered starting on page five. The undersigned refers to these paragraphs as numbered therein.

her asylum application. *Id.*; [ECF No. 1-2]. Having heard nothing further from USCIS, on July 28, 2022, Ms. Ignatova's counsel sent correspondence to the Miami Asylum Office requesting an interview date. Petition ¶ 17; [ECF No. 1-3]. Ms. Ignatova alleges the asylum office did not respond to the letter and that she made various attempts to contact USCIS, as well as other government officials, to determine the status of her asylum application, to no avail. Petition ¶¶ 16–19.

On November 14, 2022, Ms. Ignatova initiated this action by filing a "Petition For A Writ In The Nature Of Mandamus." [ECF No. 1]. In the Petition, Ms. Ignatova asserts one cause of action for "Unreasonable Delay In Adjudication." *Id.* at 3. In that cause of action, Ms. Ignatova seeks relief pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, and the Due Process and Equal Protection Clauses of the United States Constitution. *See generally id.*

In the Petition, Ms. Ignatova alleges that USCIS has "unreasonably delayed" the adjudication of her asylum application. *Id.* ¶¶ 1–2. According to Ms. Ignatova, Respondents have all the information required to adjudicate her application but have failed to do so. *Id.* ¶ 20. Ms. Ignatova alleges she has been greatly damaged and deprived of the unique benefits conferred to asylum beneficiaries, including a pathway to citizenship, the right to vote, freedom of movement and travel, and the right to obtain a U.S. passport. *Id.* ¶ 3, 25. She also alleges that the delay in processing her asylum application has placed a severe mental and emotional burden on her well-being. *Id.* ¶ 24.

Consequently, Ms. Ignatova requests the Court order Respondents to adjudicate her asylum application by scheduling an interview with USCIS within thirty (30) days and issue a declaratory judgment finding that Respondents' failure to adjudicate the asylum

application violates the Due Process and Equal Protection Clauses of the United States Constitution.[2] *Id.* at 7.

On January 27, 2023, Respondents filed the Motion to Dismiss now before the Court arguing the Petition should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 11]. The Motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

### A. Motion To Dismiss Under Federal Rule Of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to seek dismissal of a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). It is axiomatic that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consequently, courts must determine whether subject-matter jurisdiction exists. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). If a federal court determines at any time during the litigation that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The Eleventh Circuit has explained that attacks on subject-matter jurisdiction under Rule 12(b)(1) "come in two forms: facial or factual attack." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion, meaning the court must consider the allegations of the complaint to be true." *Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1179 (S.D. Fla. 2012) (Ungaro, J.). On the other hand, factual

---

[2] Ms. Ignatova also seeks an award of fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* Petition at 7.

4

attacks "challenge subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). The "party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

### B. Motion To Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court assumes as true all well-pled factual allegations and determines whether they plausibly give rise to an entitlement for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff makes a facially plausible claim when she pleads factual content from which the court can reasonably infer that a defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Id.* at 1950.

Although the Court resolves all doubts or inferences in the plaintiff's favor, the plaintiff bears the burden to frame the complaint with sufficient facts to suggest that she is entitled to relief. *Twombly*, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. *Id.* at 557. Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts

5

that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

Although she asserts only one cause of action in the Petition, Ms. Ignatova asserts three bases for relief based on Respondents' alleged failure to take action on her asylum application: (1) mandamus relief under the Mandamus Act; (2) unreasonable delay under the APA; and (3) due process and equal protection violations. She alleges subject matter jurisdiction based on the Mandamus Act (28 U.S.C. § 1361), federal question jurisdiction pursuant to 28 U.S.C. § 1331, and the APA (5 U.S.C. §§ 555(b), 706(1)).

Respondents seek dismissal of the Petition on three grounds: (1) lack of subject matter jurisdiction under the Mandamus Act; (2) lack of subject matter jurisdiction and failure to state a claim under the APA; and (3) failure to state a claim of due process and equal protection violations. The undersigned addresses each of the grounds for relief in Ms. Ignatova's Petition and Respondents' challenges to each below.

#### A. Shotgun Pleadings

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and

succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has generally identified four categories of shotgun pleadings: (1) one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]" (2) one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) "one that ... [does] not separat[e] into a different count each cause of action or claim for relief[;]" and (4) one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23 (citations omitted).

As noted above, Ms. Ignatova seeks relief on three general bases, but she does not separate each basis for relief into a different count. Therefore, the undersigned finds the Petition is a shotgun pleading, falling into the third category identified in *Weiland* by failing to separate causes of action or claims for relief into different counts. *See id.*; *Barnapov*, 986 F.3d at 1324. This, in itself, is sufficient grounds to dismiss the Petition in its entirety without prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."). As discussed below, after considering Respondents' challenges to Ms. Ignatova's claims and the Petition itself, the undersigned recommends that all but one of Ms. Ignatova's asserted grounds for relief be dismissed with prejudice and that Ms. Ignatova be permitted leave to replead her Petition to assert only those allegations relevant to her APA claim.

The undersigned next addresses Ms. Ignatova's asserted grounds for relief.

### B. *Jurisdiction Under The Mandamus Act*

Ms. Ignatova asserts she is entitled to relief pursuant to the Mandamus Act and that the Mandamus Act is a basis for the exercise of subject matter jurisdiction. Respondents argue the Mandamus Act is not a basis for jurisdiction because Ms. Ignatova is not entitled to relief under the Act.

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (citing *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). It is intended to provide a remedy for plaintiffs only when they have exhausted all other avenues of relief and only if the defendant owes them a clear, nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

In *Serrano v. United States Attorney General*, the Eleventh Circuit set forth the requirements a plaintiff must establish for mandamus relief: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." 655 F.3d 1260, 1264 (11th Cir. 2011) (citing *Cash*, 327 F.3d at 1258). The *Serrano* Court further admonished that the party seeking mandamus relief carries the burden of demonstrating that the party's "right to the writ is clear and indisputable." *Id.* (citation omitted).

In the Motion, Respondents argue the Mandamus Act does not provide a basis for subject matter jurisdiction over the Petition because Ms. Ignatova fails to establish that Respondents have a clear duty to act on her asylum application within a specific timeframe.

8

Mot. at 4–6. Respondents recognize that Section 1158(d)(5)(A)(iii) provides that applications "shall be completed within 180 days" of their filing, absent "exceptional circumstances," but they argue that Congress prohibited the creation of a private right of action arising from this statutory provision. Respondents also cite decisions from several district courts, including one in this District, that have denied mandamus relief when presented with the same argument advanced here by Ms. Ignatova.

In her Response, Ms. Ignatova argues that she has a clear right to have her asylum application processed in a "timely manner" and that Respondents have a "mandatory duty" to process asylum applications pursuant to Section 1158(d)(5)(A)(iii). Resp. at 3. According to Ms. Ignatova, while the decision to grant or deny asylum is within the discretion of the Attorney General and therefore outside the scope of the Court's mandamus jurisdiction, Respondents' duty to adjudicate Ms. Ignatova's asylum application is non-discretionary in nature and, thus, subject to judicial review. *Id.* Consequently, Ms. Ignatova asserts this Court has mandamus jurisdiction based on her right to relief, Respondent's statutory and non-discretionary duty to act, and the absence of any other adequate remedy available to her. *Id.*

As discussed below, the undersigned finds the Court has jurisdiction to hear Ms. Ignatova's claims under the APA. Therefore, Ms. Ignatova has not established that she has no adequate alternative remedy available, and, as such, she is foreclosed from seeking mandamus relief. *See Serrano*, 655 F.3d at 1264 (affirming district court's dismissal of plaintiff's request for mandamus relief because plaintiff has an adequate remedy under the APA); *Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011) ("The availability of relief under the [APA] . . . forecloses a grant of a writ of mandamus."); *Osechas Lopez v. Mayorkas*, No. 22-CIV-21733, 2023 WL 152640, at *4 (S.D.

Fla. Jan. 10, 2023) (Williams, J.); *Moreno v. Wolf*, 558 F. Supp. 3d 1357, 1365 (N.D. Ga. 2021) ("Because the APA provides a remedy for unreasonably delayed agency action, 5 U.S.C. § 706(1), the Plaintiffs cannot demonstrate a necessary element for mandamus: that they 'lack[ ] an adequate remedy for obtaining relief.'").

Because Ms. Ignatova cannot establish a right to mandamus relief, the Mandamus Act does not provide a basis for subject matter jurisdiction. Therefore, the undersigned recommends that the Motion to Dismiss be granted with prejudice to the extent the Petition seeks relief or asserts jurisdiction under the Mandamus Act.

### C. Claims For Relief Pursuant To The APA

Ms. Ignatova seeks relief under the APA on grounds the adjudication of her asylum application has been unreasonably delayed and, in turn, she claims the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on her claim under the APA. Petition at 5. Respondents argue that the Court lacks subject matter jurisdiction over Ms. Ignatova's APA claim because she fails to identify an agency action that Congress authorized for judicial review under the APA. Mot. at 6. According to Respondents, nothing in the relevant statute, 8 U.S.C. § 1158(d)(5), provides an enforceable timeframe for adjudication of asylum applications, and a delay cannot be unreasonable with respect to action that is not required. *Id.* Ms. Ignatova responds that the Court has subject matter jurisdiction to review her APA claim and that the Petition states a claim under the APA for unreasonable delay in adjudicating the asylum application. Resp. at 8–10.

The undersigned first addresses the issue of whether the Court has subject matter jurisdiction to consider Ms. Ignatova's claim under the APA, and then whether Ms. Ignatova has adequately stated a claim pursuant to the APA.

10

### 1. Whether The Court Has Subject Matter Jurisdiction Over Ms. Ignatova's APA Claim.

As stated above, Ms. Ignatova claims this Court has subject matter jurisdiction over her APA claim pursuant to 28 U.S.C. § 1331, which confers jurisdiction to the district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, although the APA does not independently confer federal subject matter jurisdiction to review agency action, if relief is available for Ms. Ignatova's claims under the APA, then the Court has jurisdiction over those claims pursuant to Section 1331. The question, then, is whether relief is available to Ms. Ignatova under the APA.

"The APA embodies a 'basic presumption of judicial review.'" *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2567 (2019) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)); *see also* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). But that presumption is rebuttable if "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1) & (2); *see Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 370 (2018).

In the Motion, Respondents argue that because Section 1158(d)(7) expressly provides that it does not establish a private right of action to enforce the timing provisions of Section 1158(d)(5), the Court lacks subject matter jurisdiction to review Ms. Ignatova's unreasonable delay claim under the APA. The undersigned disagrees.

To be sure, Section 1158(d)(7) does not provide a right of action under the INA based upon Respondents' failure to adjudicate Ms. Ignatova's asylum application within the 180-day timeframe set forth in Section 1158(d)(5). *See Ivantchouk v. U.S. Att'y Gen.*, 417 F. App'x 918, 921 (11th Cir. 2011) ("Nothing in § 1158(d) creates a private right of action

against the government."). That statute does not, however, altogether preclude judicial review of claims that Respondents have failed to comply with the general requirements under the APA that agency actions must be completed "within a reasonable time" and not be "unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1); *see also Girges v. Sec'y, Dep't of Homeland Sec.*, No. 22-cv-158, 2022 WL 2774211, at *2 (M.D. Fla. June 8, 2022) (finding statutory language in Section 1158(d)(7) does not preclude judicial review unlike other provisions in Section 1158 that expressly preclude judicial review); *L.M. v. Johnson*, 150 F. Supp. 3d 202, 210 (E.D.N.Y. 2015) ("In other words, while Section 1158(d)(7) does not strip this court of subject matter jurisdiction or preclude judicial review, it does make clear that Plaintiffs do not have a private right of action under the INA itself."). Thus, although Section 1158(d) does not provide a right of action to enforce its timing provisions, the statute does not preclude Ms. Ignatova from seeking relief under the APA for the Respondents' alleged violations of the APA's requirements. Notably, Respondents do not argue in their Motion that the adjudication of asylum applications is "committed to agency discretion by law," and, therefore, they have not rebutted the presumption that Ms. Ignatova is entitled to seek relief under the APA. *See Ruan v. Wolf*, No. 19-cv-4063, 2020 WL 639127, at *4 (E.D.N.Y. Feb. 11, 2020) ("Even without a binding statutory or regulatory deadline, USCIS's obligation to adjudicate asylum applications means that at some point defendants' failure to take any action runs afoul of section 555(b) . . . . USCIS does not have the discretion to ignore pending immigration applications indefinitely.").

Accordingly, the undersigned finds that because Ms. Ignatova has pled that her claim "arises under" the APA, the Court has jurisdiction pursuant to Section 1331 to consider the claim, even if it ultimately fails on the merits. *See Perez v. USCIS*, 774 F.3d 960 (11th Cir. 2014) ("Although the APA independently does not confer subject-matter jurisdiction, 28

U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction.") (citing *Califano v. Sanders*, 430 U.S. 99, 105–07 (1977)); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.").

The undersigned next considers the sufficiency of Ms. Ignatova's claim for relief pursuant to the APA. *Iqbal*, 556 U.S. at 768.

### 2. Whether Ms. Ignatova Has Plausibly Alleged A Claim Under The APA.

Initially, the undersigned notes that it is not clear from the Motion that Respondents seek dismissal of Ms. Ignatova's claims under the APA based on Rule 12(b)(6). They do, however, assert that Ms. Ignatova fails to identify an agency action authorized for judicial review under the APA (*see* Motion at 2), which Ms. Ignatova interprets as an argument that the Petition fails to state a claim. Therefore, the undersigned considers whether the Petition adequately asserts a claim for violation of the APA.

The APA requires an administrative agency to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). In situations where an agency fails to do so, the APA provides that a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also* 5 U.S.C. § 702. But a court can compel agency action pursuant to the APA only "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Fanin v. U.S. Dep't of Veterans Affs.*, 572 F.3d 868, 877–878 (11th Cir. 2009) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004)).

Respondents argue that Ms. Ignatova has not alleged that they failed to take a discrete agency action they are required to take. In the Petition, Ms. Ignatova alleges that Respondents did not comply with the requirements of the APA to conclude a matter "within a reasonable time" as required by 5 U.S.C. § 555(b) and that the Court may compel "agency action unlawfully withheld or unreasonably delayed" as specified in 5 U.S.C. § 706(1). *See* Petition at 1, 5. Specifically, Ms. Ignatova alleges that she applied for asylum in December 2019 and that her biometrics have been captured by USCIS; that despite allegedly having all the information necessary to adjudicate her asylum application, no action has been taken by Respondents to adjudicate her application for almost four years; that such delay is "unreasonable" and that Respondents have made no effort to respond to several inquiries regarding the status of the pending application; and that she has been harmed as a result of this delay in that she is deprived of the benefits of asylum protection. *See generally* Petition.

The undersigned finds that Respondents have a non-discretionary duty to adjudicate Ms. Ignatova's pending asylum application "within a reasonable time" under the APA. 5 U.S.C. § 555(b). The undersigned also finds that Ms. Ignatova alleges a discrete agency action that Respondents are required to take, that is, consideration of her asylum application within a reasonable time. Therefore, she states a plausible claim for relief under the APA.[3] *See Girges*, 2022 WL 2774211, at *4; *Ren v. Mueller*, No. 6:07-cv-790, 2008 WL 191010, at *11 (M.D. Fla. Jan. 22, 2008) ("Plaintiff has demonstrated that his application

---

[3] The parties raise the so-called "*TRAC* factors" used by federal courts to determine whether agency delay is unreasonable. *See Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984). However, an analysis of the *TRAC* factors is neither appropriate at this stage nor necessary. *See Girges*, 2022 WL 2774211, at *4 (declining to apply the *TRAC* factors at motion to dismiss stage due to their fact-intensive nature).

14

for adjustment of status has been pending before the USCIS for almost four (4) years . . . Plaintiff has also demonstrated that he has made several inquiries into the reason for this delay and has received no explanation . . . . Therefore, Plaintiff has adequately alleged a claim of unreasonable delay under the APA.").[4]

Although the undersigned finds that Ms. Ignatova plausibly alleges a claim for relief under the APA, because the APA claim is pled as part of a shotgun pleading, the undersigned recommends that the Motion to Dismiss be granted without prejudice and with leave to amend the Petition so that Ms. Ignatova may present her claims under the APA "discretely and succinctly." *Weiland*, 792 F.3d at 1320.

### D. Due Process And Equal Protection Claims

Ms. Ignatova also asserts two claims pursuant to the Fifth and Fourteenth Amendments to the United States Constitution: (1) violation of the Due Process Clause and (2) violation of the Equal Protection Clause. Petition at ¶ 3.

Respondents argue that Ms. Ignatova fails to state claims of due process and equal protection violations and asserts that courts routinely dismiss such claims in the immigration context. Mot. at 7–8. Ms. Ignatova offers no counterargument and, in fact, makes no mention of her due process and equal protection claims at all in her Response. Therefore, Ms. Ignatova appears to have abandoned those bases for relief, which is

---

[4] The undersigned notes that the three-year period of delay from the time Ms. Ignatova applied for asylum to the filing of her Petition in this action, while not trivial, is still within the range of time that other federal courts have found do not constitute unreasonable delay. *See, e.g.*, *Xu v. Cissna*, 434 F. Supp. 3d 43, 57–58 (S.D.N.Y. 2020) (finding three-year delay in adjudicating asylum application was not an unreasonable delay under the APA) (collecting cases); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (finding that five-year delay in adjudication of asylum application was not an unreasonable delay). And it may well be that analyzing the *TRAC* factors based upon a full record and adequate briefing might show that Respondents' delay in adjudicating Ms. Ignatova's asylum application is not unreasonable. But there is no record at this point upon which to make that determination.

sufficient grounds to grant Respondents' Motion with respect to the constitutional claims. *See GolTV, Inc. v. Fox Sports Latin America, Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) (Altonaga, J.) ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned.") (collecting cases). Moreover, a review of Ms. Ignatova's constitutional claims in the Petition reveals they are insufficient.

Due process "requires that a noncitizen be given notice and an opportunity to be heard." *Giron-Garcia v. U.S. Att'y Gen.*, 845 F. App'x 822, 824 (11th Cir. 2021) (citation omitted). "To establish a due process violation, the petitioner must show that she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice." *Id.* Additionally, a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–71 (1972). Noncitizens are also afforded equal protection under the law. *See Toro v. Sec'y, Dep't of Homeland Sec.*, 707 F.3d 1224, 1230 (11th Cir. 2013) ("Through its Due Process Clause, the Fifth Amendment guarantees equal protection under federal law to every individual in the United States, including aliens.").

To begin, as noted above, Ms. Ignatova's Petition fails to separate each cause of action or claim for relief into a different count and thereby qualifies as a shotgun pleading subject to dismissal. *See Barmapov*, 986 F.3d at 1324–25. Additionally, the undersigned finds that Ms. Ignatova's conclusory allegations that she has been deprived of "life, liberty or property without due process of law" are insufficient to state a claim for a due process violation. And Ms. Ignatova fails to adequately allege that she suffered prejudice because of Respondents' alleged failure to adjudicate her asylum application. Similarly, Ms. Ignatova

does not specifically allege a basis for an equal protection violation in her Petition, much less explain how such equal protection rights have been allegedly violated.[5]

In addition to these deficiencies in the pleading, the undersigned also finds that Ms. Ignatova has failed to demonstrate that she is entitled to relief for due process and equal protection violations based on the conduct she alleges given that Section 1158(d)(7) provides that the INA does not create a "substantive or procedural right or benefit." 8 U.S.C. § 1158(d)(7). Thus, Ms. Ignatova has not adequately alleged that she suffered a cognizable deprivation of rights. *See L.M.*, 150 F. Supp. 3d at 217; *Xu*, 434 F. Supp. 3d at 57–58. To the contrary, the Supreme Court has "long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). Thus, the undersigned agrees with the Sixth and Third Circuits that Respondents' alleged "delay in scheduling or conducting immigration proceedings does not violate due process." *Vang v. Gonzales*, 237 F. App'x 24, 31 (6th Cir. 2007) (unpublished decision) (holding fourteen-year delay in processing asylum application did not violate due process); *see also Mudric v. Att'y Gen. of the United States*, 469 F.3d 94, 98–99 (3d Cir. 2006) (concluding no due process violation for four-year delay in processing asylum application because "federal immigration laws do not vest in aliens a

---

[5] The undersigned does not address claims regarding the policies and procedures of USCIS, which were raised for the first time in Ms. Ignatova's briefing on the Motion. *See* Resp. at 2 (discussing the "Last-In-First-Out" processing system where newer filings are reviewed before other pending applications). A plaintiff may not raise new claims in a response to a motion to dismiss. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and exhibits attached thereto." (citation and quotation omitted)); *Zurich Am. Ins. Co. v. Amerisure Ins. Co.*, No. 9:16-CV-81393, 2017 WL 366232, at *7 (S.D. Fla. Jan. 20, 2017) (Middlebrooks, J.) ("While the Court must accept as true all factual allegations contained in the Complaint . . . the same does not hold for new facts that a plaintiff belatedly raises in response to a motion to dismiss." (citation omitted)).

constitutional right to have their immigration matters adjudicated in the most expeditious manner possible").

In short, even if she had not abandoned her claims of due process and equal protection violations, the undersigned finds that Ms. Ignatova has failed to plausibly allege such claims. Moreover, based on the conduct alleged in her present Petition, Ms. Ignatova cannot plead a right to relief under the Equal Protection or Due Process Clauses and, therefore, the undersigned recommends the Motion to Dismiss be granted with prejudice to the extent it seeks dismissal of these claims for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned finds that Ms. Ignatova is not entitled to relief under the Mandamus Act nor the Due Process or Equal Protection Clauses of the United States Constitution based on the conduct she alleges in the Petition, and, therefore, those claims should be dismissed with prejudice. The undersigned also finds that although she has plausibly alleged a right to relief under the APA, and, therefore, a basis for subject matter jurisdiction under 28 U.S.C. § 1331, that claim should also be dismissed, albeit without prejudice, and Ms. Ignatova should be permitted leave to replead her APA claim discretely and succinctly.

Accordingly, the undersigned respectfully recommends that Respondents' Motion to Dismiss [ECF No. 11] be **GRANTED** as set forth above. Specifically, the undersigned recommends that the Motion be **GRANTED with prejudice** as to Petitioner's claim for mandamus relief for lack of subject matter jurisdiction and as to Petitioner's claims of due process and equal protection violations for failure to state a claim upon which relief may be granted and that the Motion be **GRANTED without prejudice** as to Petitioner's claim

under the Administrative Procedures Act with leave to file an amended Petition as to this claim for relief.

**The parties will have *ten (10) days*[6] from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Judge.** Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 15th day of August, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Raag Singhal, *U.S. District Judge*
Counsel of Record

---

[6] In order to facilitate the prompt disposition of this matter, the undersigned is expediting the time to file objections and responses thereto, if any, to this Report and Recommendation. *See* Rule 4(b), Magistrate Judge Rules, Local Rules for the Southern District of Florida (providing that parties may object to a Magistrate Judge's report and recommendation within fourteen (14) days "or within such other time as may be allowed by the Magistrate Judge or District Judge").